PRO YO STY, J.
Plaintiff was injured while attempting to board one of the street cars of the defendant company.
The ease turns upon whether plaintiff’s statement is to be believed or that of the conductor; plaintiff’s being that he stood at the step of the car ready to get on as soon as a passenger who was getting off should have gotten out of the way, and that of the conductor being that plaintiff was not at the crossing when the signal was given for the car to start.
Plaintiff is uncorroborated, and the probabilities, apart from all testimony, are against him, since there can be no reason why the conductor should not have seen him and allowed him time at least to get on the step of the car, if he had been, as he says, standing there ready to get on; whereas, the conductor is corroborated by several witnesses — the facts, .as wé find them, being that a very heavy rain had fallen shortly before, and it was still raining and the street was flooded; that plaintiff was still on the sidewalk, on the wrong side of the street for boarding the car, when the car reached the corner where he was; that, seeing the car was stopping to put off a passenger, plaintiff ran (one witness says on his heels) across the street, and across the neutral ground in the middle of the street, and around the car; and that he succeeded in grabbing the handle bar of the ear only as the signal was given for the car to start, he being all this time behind the back of the conductor, who was attending to the alighting passenger and to giving the starting signal; that, instead of letting go the handle bar, plaintiff held on, and was *180 dragged 10 or 12 feet, when he let go and fell to the ground.
The jury was clearly right in not finding the defendant company liable under these circumstances. The conductor not having seen plaintiff, and plaintiff not having been in a position where the conductor ought to have seen him, the not waiting for plaintiff to get on the car was not negligence.
Judgment affirmed.